O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA S. DURAN-PALMER, | ) NO. EDCV 13-00306-MAN |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff filed a Complaint on February 25, 2013, seeking review of the denial of plaintiff's application for a period of disability and disability insurance benefits ("DIB"). On March 27, 2013, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on December 6, 2013, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings. The Court has taken the parties' Joint Stipulation under submission without oral argument.

///

///

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for a period of disability and DIB on January 25, 2008.[1] (Administrative Record ("A.R.") 20.)  Plaintiff, who was born on September 17, 1980 (A.R. 122),[2] claims to have been disabled since July 13, 2006 (A.R. 1252) due to a learning disorder, right eye blindness, left knee and ankle injuries, fibromyalgia, lupus, bronchitis/asthma, restless leg syndrome, rapid heart beat, acid reflux, right eye surgery, and closure of her esophagus (A.R. 71, 75).

After the Commissioner denied plaintiff's claim initially, plaintiff requested a hearing.  (A.R. 20.)  On July 29, 2009, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Michael D. Radensky (the "ALJ").  (Id.)  Vocational expert Corinne J. Porter and medical expert Samuel Landau, M.D. also testified.  (Id.)  On November 23, 2009, the ALJ denied plaintiff's claim (A.R. 20-28), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 5-7).

On September 21, 2010, plaintiff sought review in this Court, which on September 23, 2011, remanded the case for further proceedings.  On December 29, 2011, the Appeals Council vacated the ALJ's decision and remanded the case for further administrative proceedings consistent with this Court's Order.  (A.R. 1433-45.)

On October 1, 2012, plaintiff, who was represented by counsel, again appeared and testified at a hearing before the ALJ.  (A.R. 1250.)  Vocational expert Ruth A. Arnush and medical

---

[1]   The record indicates that plaintiff's application for DIB was filed on January 25, 2008. (A.R. 122, 128.)  However, in his decision, the ALJ states that "[o]n January 11, 2008, [plaintiff] filed a Title II application for a period of disability and disability insurance benefits."  (A.R. 20.)

[2]   On the alleged disability onset date, plaintiff was 26 years old, which is defined as a younger individual.  (See 20 C.F.R. § 404.1563.)

2

expert Arthur Lorber, M.D. also testified.  (*Id.*)  On November 9, 2012, the ALJ denied plaintiff's claim.  (A.R. 1250-59.)  That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

In his November 9, 2012 decision, the ALJ found that plaintiff meets the insured status requirements of the Social Security Act through June 30, 2015, and plaintiff has not engaged in substantial gainful activity since July 13, 2006, the alleged onset date of her disability. (A.R. 1252.)  The ALJ determined that plaintiff has the severe impairments of a history of gastric bypass surgery, atrial arrhythmia, right eye visual impairment, possible seizure disorder, history of left knee impairment, obesity, narcotic dependence, and asthma.[3]  (*Id.*)  The ALJ concluded, however, that plaintiff does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).  (A.R. 1254.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) except lift and carry 20 pounds
> occasionally and 10 pounds frequently; occasionally kneel; no crawling; no work at
> unprotected heights; no ladders, scaffolds, or ropes; may ascend or descend stairs;
> occasionally use the left lower extremity for foot pedals, but no restrictions on the
> rights; stand and/or walk up to four hours in an eight-hour day, no more than one
> hour at a time; no restrictions on sitting; no restrictions on fine or gross
> manipulation; should avoid extremes of temperature; avoid concentrated fumes or

---

[3]      The ALJ determined that "[plaintiff]'s medically determinable impairment of learning disorder does not cause more than minimal limitation in [plaintiff]'s ability to perform basic mental work activities and is therefore nonsevere."  (A.R. 1252.)

1   smoke; should not drive commercial vehicles; and no jobs requiring binocular or
2   stereoscoping vision.

3

4   (A.R. 1254.)  In making this finding, the ALJ considered the subjective symptom testimony of
5   plaintiff, which the ALJ found was not entirely credible, as well as the medical evidence and
6   opinions of record.

7

8        The ALJ found that plaintiff is capable of performing her past relevant work as a tax
9   preparer, assistant hotel manager, receptionist, and child attendant, because "[t]his work does
10  not require the performance of work-related activities precluded by [plaintiff]'s [RFC]." (A.R.
11  1258.)  Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined
12  in the Social Security Act, from July 13, 2006, the alleged onset date, through November 9, 2012,
13  the date of the ALJ's decision.  (A.R. 1259.)

14

15                          **STANDARD OF REVIEW**

16

17       Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine
18  whether it is free from legal error and supported by substantial evidence in the record as a whole.
19  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence
20  as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (citation omitted).
21  The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett
22  v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the record can constitute
23  substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v.
24  Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

25

26       Although this Court cannot substitute its discretion for that of the Commissioner, the Court
27  nonetheless must review the record as a whole, "weighing both the evidence that supports and
28  the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health

4

1 and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995

2 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical

3 testimony, and for resolving ambiguities."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.

4 1995).

5

6 　　　The Court will uphold the Commissioner's decision when the evidence is susceptible to

7 more than one rational interpretation.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

8 However, the Court may review only the reasons stated by the ALJ in his decision "and may not

9 affirm the ALJ on a ground upon which he did not rely."  Orn, 495 F.3d at 630; *see also* Connett,

10 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless

11 error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential

12 to the ultimate nondisability determination.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th

13 Cir. 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400

14 F.3d at 679.

15

16 **DISCUSSION**

17

18 　　　Plaintiff claims that the ALJ failed to articulate legally sufficient reasons for discrediting

19 plaintiff's subjective symptom testimony.  (Joint Stipulation ("Joint Stip.") at 4.)

20

21 **I.　　The ALJ Improperly Evaluated Plaintiff's Credibility.**

22

23 　　　Once a disability claimant produces objective medical evidence of an underlying impairment

24 that is reasonably likely to be the source of claimant's subjective symptom(s), all subjective

25 testimony as to the severity of the claimant's symptoms must be considered.  Moisa v. Barnhart,

26 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); *see also*

27 20 C.F.R. § 404.1529(a) (explaining how pain and other symptoms are evaluated).  "[U]nless an

28 ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find

5

an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883.  The factors to be considered in weighing a claimant's credibility include:  (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also 20 C.F.R. § 404.1529(c).

In his decision, the ALJ cited no evidence of malingering by plaintiff and concluded that "[plaintiff]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 1255.)  Nevertheless, the ALJ determined that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." (Id.)  Given the absence of malingering, the ALJ's reasons for finding that plaintiff is not credible with respect to her subjective symptom testimony must be "clear and convincing."

The ALJ discredited plaintiff on the ground that she had become dependent upon narcotics. (A.R. 1255.)  Specifically, the ALJ noted that "[plaintiff] recently testified [that] she takes six to eight Norco per day.  However, there is evidence of narcotic dependence as she has taken as many as 12 Norco per day and reported on several occasions that her medication was stolen or has gone to the pharmacy too early to fill her prescription."[4]  (Id.)  While an ALJ may consider evidence of symptom exaggeration and drug-seeking behavior when evaluating a claimant's credibility, "[a] claimant's drug-dependency by itself . . . is not a basis for an adverse credibility determination." Thompson v. Comm'r of SSA, 2014 U.S. Dist. LEXIS 28428 , at *20 (D. Or. Mar.

---

[4]      The ALJ further noted that "[plaintiff]'s mother and physician expressed concern about overuse . . . .  The dosage was especially high considering [plaintiff] had lost 100 pounds and required less medication . . . .  She recently testified she weighed 310 pounds before gastric bypass surgery and currently weighs 136 pounds." (A.R. 1255; citations omitted.)

1    4, 2014) (emphasis in original); *see* Van Dine v. Astrue, 2012 U.S. Dist. LEXIS 43798 (D. Or. Feb.

2    27, 2013) (finding that "[i]t was error for the ALJ to discount [plaintiff]'s subjective pain

3    complaints simply because of his dependence on narcotic pain medications").   Here, although the

4    ALJ cited evidence of drug dependence, the ALJ did not explicitly find that plaintiff was

5    exaggerating her symptoms to obtain narcotic pain medication.   Moreover, instead of detracting

6    from plaintiff's credibility, plaintiff's need for ongoing, high doses of pain medication could support

7    her claims of significant pain.   Van Dine, 2012 U.S. Dist. LEXIS at *138 (noting that "[c]ourts have

8    recognized that although drug-seeking behavior may indicate a claimant is motivated by a desire

9    to obtain narcotics, such behavior is equally indicative of the credibility of a claimant's high pain

10   levels"); *see also* SSR 96-7p, 1996 SSR LEXIS 4 (noting that "[p]ersistent attempts by the

11   individual to obtain relief of pain or other symptoms, such as by increasing medications, . . . may

12   be a strong indication that the symptoms are a source of distress to the individual and generally

13   lend support to an individual's allegations of intense and persistent symptoms").   As such, the

14   ALJ's first ground for finding plaintiff to be not credible is not clear and convincing.

15

16        Next, the ALJ found plaintiff to be not entirely credible due to inconsistencies between her

17   testimony and her ability to engage in part-time work as a tax preparer.   Specifically,  the ALJ

18   noted that "[plaintiff] states she cannot be on her feet long, needs to elevate her leg and ice it,

19   wears a knee brace and cam boot, and requires a cane or crutches. Yet, [plaintiff] worked as a

20   tax preparer until as recently as last year." (A.R. 1255.)   In evaluating a claimant's credibility,

21   it is well established that an ALJ may consider inconsistencies  between the claimant's testimony

22   and the claimant's conduct.   Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).   At the

23   administrative hearing, although plaintiff testified that she worked as a tax preparer, she also

24   testified that she only worked for a "couple" of hours per day, was able to elevate her foot at

25   work, and could leave whenever she was not feeling well.  (A.R. 1332.)   In view of these

26   significant accommodations, which the ALJ failed to mention, plaintiff's ability to engage in part-

27   time work does not appear to be inconsistent with her above-noted testimony. As such, the ALJ's

28   reason for discrediting plaintiff is not clear and convincing.

1    Next, the ALJ found plaintiff to be not credible, because she made inconsistent statements

2    regarding her ability to exercise.  Specifically, the ALJ noted that "[plaintiff] testified she does not

3    exercise, but a progress note on July 12, 2011 states she exercises 20 minutes three days per

4    week at a moderate or strenuous level."  (A.R. 1255.)   Indeed, as properly noted by the

5    Commissioner, there are multiple entries showing that plaintiff exercised several times per week

6    at a moderate to strenuous level.  (A.R. 1628, 2336, 2767, 2923, 3185.)  At the administrative

7    hearing, when questioned about the July 12, 2011 progress note, plaintiff testified that the

8    exercises she performed included moving her toes and wrists back and forth from a seated

9    position.  (A.R. 1324-25.)  Plaintiff's testimony, however, is contradicted by the progress notes

10   indicating that she performed moderate to strenuous levels of exercise.  Thus, in view of this

11   contradiction, plaintiff's credibility may be diminished.

12

13   Lastly, and critically, the Commissioner discredited plaintiff by citing a lack of medical

14   evidence supporting her complaints of disabling pain.  Specifically, the ALJ discredited plaintiff's

15   complaints, because "[t]here [wa]s no evidence to support [plaintiff's] restless leg syndrome."

16   (A.R. 1257.)   Contrary to the ALJ's contention, however, multiple treatment notes reference

17   plaintiff's diagnosis of restless leg syndrome.  (*See*, *e.g.*, A.R. 570, 804, 869, 1167, 1666.)

18   Symptoms of restless leg syndrome range from discomfort to pain.  Plaintiff testified that she

19   experiences pain from her restless leg syndrome and that the pain interferes with her

20   concentration.  (A.R. 1327-1328.)  The ALJ's failure to consider properly the evidence supporting

21   plaintiff's restless leg syndrome is not insignificant, particularly in view of plaintiff's complaints of

22   pain, discomfort, and difficulties concentrating.

23

24   Only one of the reasons stated by the ALJ arguably bears on plaintiff's credibility; the other

25   recited reasons are not clear and convincing.  Given the numerous defects in the ALJ's credibility

26   analysis, including his plainly erroneous dismissal of plaintiff's complaints of pain and limitations

27   stemming from her restless leg syndrome, the ALJ's adverse credibility determination is not

28   supported by substantial evidence.  Thus, it constitutes reversible error.

1

2

## II.   **Remand Is Required.**

3        The decision whether to remand for further proceedings or order an immediate award of

4    benefits is within the district court's discretion.  Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir.

5    2000).  Where no useful purpose would be served by further administrative proceedings, or where

6    the record has been fully developed, it is appropriate to exercise this discretion to direct an

7    immediate award of benefits.  *Id.* at 1179 ("[T]he decision of whether to remand for further

8    proceedings turns upon the likely utility of such proceedings.").  However, where there are

9    outstanding issues that must be resolved before a determination of disability can be made, and

10   it is not clear from the record that the ALJ would be required to find the claimant disabled if all

11   the evidence were properly evaluated, remand is appropriate.  *Id.* at 1179-81.

12

13       Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the

14   above-mentioned deficiencies and errors.  *See, e.g.*, Benecke v. Barnhart, 379 F.3d 587, 593 (9th

15   Cir. 2004) (remand for further proceedings is appropriate if enhancement of the record would be

16   useful).  On remand, the ALJ must correct the above-mentioned deficiencies and errors.  After

17   doing so, the ALJ may need to reassess plaintiff's RFC, in which case additional testimony from

18   a vocational expert likely will be needed to determine what work, if any, plaintiff can perform.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED:  June 27, 2014

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE